**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| ANTHONY JOHNSON, | ) | NO. CV 11-5785-RGK(E) |
| Petitioner, | ) | |
| v. | ) | ORDER OF DISMISSAL |
| DERRAL G. ADAMS, | ) | |
| Respondent. | ) | |

On July 14, 2011, Petitioner filed a "Petition for Writ of Habeas Corpus By a Person in State Custody" ("the Petition"). The Petition challenges Petitioner's 2005 Los Angeles Superior Court conviction and/or sentence (Petition at 2). Petitioner previously challenged this same conviction and/or sentence in a habeas petition filed in this Court in 2009. See Johnson v. Adams, CV 09-4220-RGK(E) ("the prior habeas action"). On December 10, 2009, the Magistrate Judge issued a report and recommendation in the prior habeas action, recommending denial and dismissal of the petition with prejudice as untimely. On January 19, 2010, the District Judge filed an order adopting the report and recommendation in the prior habeas action.

On January 20, 2010, the Court entered Judgment in the prior habeas action, denying and dismissing the petition with prejudice.

The Court must dismiss the present Petition in accordance with 28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and Effective Death Penalty Act of 1996"). Section 2244(b) requires that a petitioner seeking to file a "second or successive" habeas petition first obtain authorization from the court of appeals. See Burton v. Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive authorization from Court of Appeal before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("the prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced"); Miles v. Mendoza-Powers, 2007 WL 4523987, at *2-3 (E.D. Cal. Dec. 19, 2007) (subsequent petition alleging different claims but challenging the same judgment challenged in a prior habeas petition is "second or successive"). The dismissal of a habeas petition as barred by the statute of limitations "constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)." McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009). Petitioner evidently has not yet obtained authorization from the Ninth Circuit Court of Appeals.

///
///
///
///

2

Consequently, this Court cannot entertain the present Petition. <u>See</u> <u>Burton v. Stewart</u>, 549 U.S. at 157.

For all of the foregoing reasons, the Petition is denied and dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 25, 2011.

/s/ Gary Klausner
_____
R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

PRESENTED this 20th day of
July, 2011, by:

_____/S/_____
        CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

3